## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALISON KOWALESKI, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PROFESSIONAL PLACEMENT SERVICES, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ALISON KOWALESKI, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, PROFESSIONAL PLACEMENT SERVICES, LLC ("PPS"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Somerset County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      PPS maintains a location at 272 N 12th Street, Milwaukee, Wisconsin 53201.

8.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from PPS concerning a debt owned by CAPITAL ONE, N.A. (KOHL'S), which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq.*

b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal
redress for the wrongs complained of herein. Absent a Class Action, class
members will continue to suffer losses of statutory protected rights as well as
monetary damages. If Defendants' conduct is allowed to proceed without
remedy, they will continue to reap and retain the proceeds of their ill-gotten
gains.

- Defendants have acted on grounds generally applicable to the entire Class,
thereby making appropriate final injunctive relief or corresponding
declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15
U.S.C. § 1692a(3).

15.    Sometime prior to September 14, 2017, Plaintiff allegedly incurred a financial
obligation to CAPITAL ONE, N.A. (KOHL'S).

16.    The KOHL'S obligation arose out of a transaction, in which money, property,
insurance or services, which are the subject of the transaction, are primarily for personal, family
or household purposes.

17.    Plaintiff incurred the KOHL'S obligation by purchasing goods and services which
were primarily for personal, family and household purposes.

18.    Plaintiff did not incur the KOHL'S obligation for business purposes.

19.    The KOHL'S obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    KOHL'S is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.    On or before September 14, 2017, KOHL'S referred the KOHL'S obligation to PPS for the purpose of collections.

22.    At the time KOHL'S referred the KOHL'S obligation to PPS, the obligation was past due.

23.    At the time KOHL'S referred the KOHL'S obligation to PPS, the obligation was in default.

24.    Defendants caused to be delivered to Plaintiff a letter dated September 14, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

25.    The September 14, 2017 letter was sent to Plaintiff in connection with the collection of the KOHL'S obligation.

26.    The September 14, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.    Upon receipt, Plaintiff read the September 14, 2017 letter.

28.    The September 14, 2017 letter provides the following information regarding the balance claimed due on the KOHL'S obligation:

Balance:  $604.94

29.    The September 14, 2017 letter stated in part:

**While the amount above is your total balance as of the date of this letter, the total balance on the day you pay may be greater as a result of fees and interest that continue to accrue.** [emphasis added].

30.    Defendants caused to be delivered to Plaintiff a letter dated December 7, 2017, which was addressed to Plaintiff. **Exhibit B,** which is fully incorporated herein by reference.

31.    The December 7, 2017 letter was sent to Plaintiff in connection with the collection of the KOHL'S obligation.

32.     The December 7, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     Upon receipt, Plaintiff read the December 7, 2017 letter.

34.     The December 7, 2017 letter provides the following information regarding the balance claimed due on the KOHL'S obligation:

       Balance:  $604.94

35.     The total balance alleged to be due on the KOHL'S obligation did not increase from September 14, 2017 because "of fees and interest that continue to accrue."

36.     From September 14, 2017 through December 7, 2017 the total balance alleged to be due on the KOHL'S obligation did not increase because "of fees and interest that continue to accrue."

37.     KOHL'S never authorized PPS to charge or add interest to the balance of the KOHL'S obligation.

38.     KOHL'S never authorized PPS to add interest, late charges or other charges to the balance of the KOHL'S obligation.

39.     At no time was PPS authorized by KOHL'S to charge or add interest to the balance of the KOHL'S obligation.

40.     PPS was not permitted by KOHL'S to add interest, late charges or other charges to the balance of the KOHL'S obligation.

41.     As some time prior to September 14, 2017, KOHL'S ceased charging or adding interest to the balance of the KOHL'S obligation.

42.     As some time prior to September 14, 2017, KOHL'S ceased adding interest, late charges or other charges to the balance of the KOHL'S obligation.

## POLICIES AND PRACTICES COMPLAINED OF

43.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d)    Making a false representation of the character, amount legal status of the debt.

44.    On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

45.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

47.    Defendant's September 14, 2017 letter would lead the least sophisticated consumer to believe that the amount due could increase because "of fees and interest that continue to accrue."

48.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

49.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the KOHL'S obligation would increase.

50.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the KOHL'S obligation would increase due to interest, late charges or other charges.

51.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the KOHL'S obligation could increase.

52.     The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the KOHL'S obligation would increase due to interest, late charges or other charges.

53.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the KOHL'S obligation could increase.

54.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the KOHL'S obligation could increase due to interest, late charges or other charges.

55.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

56.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

57.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase because "of fees and interest that continue to accrue.".

58.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by making a misleading representation that the balance could increase due to interest, late charges or other charges.

59.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that the balance could increase because "of fees and interest that continue to accrue."

60.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

61.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

62.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

63.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing and/or implying that the balance could increase.

64.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing and/or implying that the balance could increase because "of fees and interest that continue to accrue."

65.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest, late charges or other charges.

66.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

67.     Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could be different because "of fees and interest that continue to accrue."

68.     Defendants violated 15 U.S.C. § 1692e(5) by threatening that the amount due could be different because "of fees and interest that continue to accrue."

69.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

70.     Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could be different because "of fees and interest that continue to accrue."

71.     Defendants' representation that the amount due could be greater because "of fees and interest that continue to accrue" when in fact the amount due could not and did not increase violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

72.     Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

73.     Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase because "of fees and interest that continue to accrue" when in fact the amount due could not and did not increase.

74.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

75.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

76.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

77.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

78.    Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

79.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

80.    Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 28, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 28, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

PO Box 612
Milwaukee WI 53201-0612
ADDRESS SERVICE REQUESTED



**P P S**  PROFESSIONAL
PLACEMENT
SERVICES, LLC
888-828-5368

September 14, 2017

PPS Account #: ▮▮▮▮
Balance: $604.94

ALISON KOWALESKI

Professional Placement Services, LLC
PO Box 612
Milwaukee WI 53201-0612

---

*** Detach Upper Portion And Return With Payment ***

Creditor:                Capital One, N.A.
Original Creditor:       Capital One  N.A.
Re:                      Your Kohl's Credit Card Account XXXXXX1023
PPS Account #:           ▮▮▮▮
Balance:                 $604.94

1888-ONPPSV10-805-1/06/10



MEMBER

AMERICAN COLLECTORS
*association member*

## COLLECTION NOTICE

This letter will serve to inform you that your delinquent account has been placed with Professional Placement Services, LLC (PPS). PPS is a collection agency acting on behalf of our client for the above referenced debt.

The records provided to us show that your account is delinquent. While the amount above is your total balance as of the date of this letter, the total balance on the day you pay may be greater as a result of fees and interest that continue to accrue.

PPS has been granted the authority by your creditor to accept less than the full amount due in exchange for payment. Please call us to discuss the amount of reduction available on this account.

TOLL FREE NUMBER              DIRECT NUMBER
**888-828-5368**              **414-224-3581**

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

**This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.**

---

Professional Placement Services, LLC • Collection Services Division
272 N 12th Street • PO Box 612 • Milwaukee WI 53201-0612 • 888-828-5368 • 414-224-3581
Office Hours: M-Th 8AM-8PM, Fri 8AM-5PM, Sat 8AM-Noon

---

• To make a payment by mail, tear off the top portion of this letter and place it in the envelope with a check or money order payable to Professional Placement Services, LLC. Do not remit cash. Put your account number 5818898 on the front of your money order. Stamp and return to the address listed.

# Exhibit

# B

PO Box 612
Milwaukee WI 53201-0612
ADDRESS SERVICE REQUESTED



**P P S** PROFESSIONAL
PLACEMENT
SERVICES, LLC
888-828-5368

December 7, 2017

PPS Account #: ▉▉▉▉
Balance: $604.94

ALISON KOWALESKI

Professional Placement Services, LLC
PO Box 612
Milwaukee WI 53201-0612

---

*** Detach Upper Portion And Return With Payment ***

---

| | |
|---|---|
| Creditor: | Capital One, N.A. |
| Original Creditor: | Capital One N.A. |
| Re: | Your Kohl's Credit Card Account XXXXXX1023 |
| PPS Account #: | ▉▉▉▉ |
| Balance: | $604.94 |



MEMBER

AMERICAN COLLECTORS
*association member*

### COLLECTION NOTICE

This letter will serve to inform you that your delinquent account has been placed with Professional Placement Services, LLC (PPS). PPS is a collection agency acting on behalf of our client for the above referenced debt.

The records provided to us show that your account is delinquent. While the amount above is your total balance as of the date of this letter, the total balance on the day you pay may be greater as a result of fees and interest that continue to accrue.

PPS has been granted the authority by your creditor to accept less than the full amount due in exchange for payment. Please call us to discuss the amount of reduction available on this account.

| TOLL FREE NUMBER | DIRECT NUMBER |
|---|---|
| **888-828-5368** | **414-224-3581** |

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

**This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.**

---

Professional Placement Services, LLC • Collection Services Division
272 N 12th Street • PO Box 612 • Milwaukee WI 53201-0612 • 888-828-5368 • 414-224-3581
Office Hours: M-Th 8AM-8PM, Fri 8AM-5PM, Sat 8AM-Noon

---

- To make a payment by mail, tear off the top portion of this letter and place it in the envelope with a check or money order payable to Professional Placement Services, LLC. Do not remit cash. Put your account number 5818898 on the front of your money order. Stamp and return to the address listed.